IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

HENRY TOWNSEND, JR.,

    Plaintiff,

v.                                              CASE NO. 1:21-cv-167-AW-GRJ

SEC'Y, DEPT. OF VETERANS
AFFAIRS,

    Defendant.

_____/

## ORDER AND REPORT AND RECOMMENDATION

Pending before the Court are *pro se* Plaintiff's Fourth Motion for an Extension of Time to File an Amended Complaint, ECF No. 18, Plaintiff's Motion for leave to proceed *in forma pauperis* ("IFP Motion"), ECF No. 1, and Plaintiff's Motion to Appoint Counsel, ECF No. 2.  This case was filed on October 14, 2021, and Plaintiff still has not provided this Court with a basis for exercising subject matter jurisdiction over his claims despite being ordered to do so on a number of occasions.

Four times this Court extended the deadline by which Plaintiff must either file an amended complaint or face dismissal.  *See* ECF Nos. 5, 7, 13, 17.  Plaintiff's original deadline to amend his complaint was November 18,

2021, which this Court extended— after three requests for an extension— to March 10, 2022.

Yet, rather than filing an amended complaint, Plaintiff says once again that he needs more time to investigate what happened to the exhibits filed with his deficient Complaint, ECF No. 6, this time by way of Freedom of Information Act requests made to the United States Postal Service, ECF No. 18 at 1-2.  This Court has already told Plaintiff that exhibits attached to complaints are disfavored by the court, directing Plaintiff instead to fill out completely the Court's blank Pro Se Civil Complaint form if he wants to pursue this case.  The Court warned Plaintiff three times that failure to comply with the Court's clear instructions would result in a recommendation that this case be dismissed <u>without further notice</u>.  ECF Nos. 13 at 2, 15 at 2, 17 at 2.  It is patently clear at this point that Plaintiff will not comply.

Accordingly, the undersigned respectfully **RECOMMENDS** that this cause be dismissed without prejudice for failure to comply with court orders and for failure to prosecute.

## DISCUSSION

In this case, there are no factual allegations before the Court. *See* ECF No. 6.  Rather, Plaintiff filed what is essentially a blank Civil Complaint

form in which only Plaintiff's name and address along with the purported Defendant are filled in.  *Id*.

To properly plead a cause of action, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requires a plaintiff to assert "sufficient factual matter" that, if accepted as true, "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is met only where the facts alleged enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).  Mere labels and conclusions are insufficient. *Iqbal*, 556 U.S. 662 at 678.  The Court will not penalize a *pro se* litigant for "linguistic imprecision," *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008), but a cause of action must be discernable.  A court does not have "license to … rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by, Iqbal*, 556 U.S. 678.  "[U]nder Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss a suit for failure to prosecute or failure to comply with an order."  *Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985

(11th Cir. 2019); *see also Foundry v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (federal courts possess an inherent authority to dismiss a complaint for failure to comply with a court order); *Sheraton Atlanta Hotel*, 618 F. App'x 987, 989-91 (11th Cir. 2015) (affirming dismissal of *pro se* complaint with prejudice for failure to comply with court orders where district court had given plaintiff detailed instructions on how to amend the complaint and plaintiff failed to amend in compliance with the order). While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, is permitted. *See State Exch. Bank v. Hartline,* 693 F.2d 1350, 1352 (11th Cir.1982). Nevertheless, dismissal is a sanction of last resort that requires findings of "willful delay or conduct" and that "lesser sanctions will not suffice." *Jacobs v. Atlanta Police Dep't*, 685 F. App'x 827, 831 (11th Cir. 2017).

In sum, Plaintiff failed to cure his deficient complaint in compliance with the Court's instructions given months ago. Any sanction short of dismissal will not remedy Plaintiff's non-compliance. Dismissal of this case, therefore, is appropriate. *Garrett v. Birmingham Police Dep't*, 769 F. App'x 899, 900-01 (11th Cir. 2019); *Watts v. Ford Motor Co.*, 648 F. App'x 970, 972-73 (11th Cir. 2016).

Finally, amending the complaint would be futile. Plaintiff seems obsessed with his missing exhibits, and the Court will not indulge that obsession any longer. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Hall v. United States*, 367 F.3d 1255, 1263 (11th Cir. 2004) (district court may properly deny leave to amend when such amendment would be futile).

Accordingly, it is **ORDERED** that:

1. Plaintiff's Fourth Motion for Extension of Time, ECF No. 18, is **DENIED**.

2. Plaintiff's IFP Motion, No. 1, is **DENIED**.[1]

3. Plaintiff's Motion to Appoint Counsel, ECF No. 2, is **DENIED**.[2]

Further, it is **RECOMMENDED** that this case be **DISMISSED** without prejudice for failure to comply with court orders and for failure to prosecute.

---

[1] Plaintiff represents in his IFP Motion that he has $9,558.63 in case on hand, so he could easily afford to pay the $402 filing fee. ECF No. 1 at 5.

[2] A plaintiff in a civil case has no constitutional right to counsel. Further, the Court does not have authority under 28 U.S.C. § 1915 to require an attorney to represent an indigent litigant (which Plaintiff is not). *See Mallard v. The United States District Court for the S.D. Iowa*, 490 U.S. 296, 301-02 (1989). Only exceptional circumstances warrant appointment of counsel, such as where the legal issues are so novel or complex as to require the assistance of a trained practitioner. *Bass v. Perrin*, 170 F.3d 1320 (11th Cir. 1999); *Fowler v. Jones*, 899 F.2d 1088 (11th Cir. 1990). No exceptional circumstances exist to merit the appointment of counsel in this case.

**IN CHAMBERS** in Gainesville, Florida this 11th day of March 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO PLAINTIFF

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> If Plaintiff fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.